**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| v. | § | Cr. No. C-01-281 |
| | § | |
| ROY ALBERTO CRUZ. | § | |

**ORDER DENYING MOTION TO RESTORE RIGHT TO BEAR ARMS**

Defendant Roy Alberto Cruz pleaded guilty to one count of possession with intent to distribute approximately 156 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 14, 15.) On March 7, 2002, the Court sentenced him to 37 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release. (D.E. 22, 25.) He did not appeal. He was subsequently released from custody, and jurisdiction over his supervised release was transferred to the Western District of Washington, Seattle Division. (D.E. 29, 31.) It appears from the docket sheet that his supervised release term has been completed and that he is no longer under supervision. (See, e.g., Docket Entry dated March 14, 2008, referencing "USPO Notice of Discharge Letter.")

On March 27, 2008, the Clerk received a brief motion from Cruz, filed *pro se*. (D.E. 32.) In it, he explains that he has completed his sentence with no violations and "no write-ups." (D.E. 32 at 1.) He requests that the Court restore his right to "bare arms," which the Court understands to be a request to legally possess a firearm. He states that he has changed and "will never break the law ever again." (Id.) He wants to be able to take his sons hunting, however, and to "show them how to hunt and field dress an animal." (Id.)

Under federal law, it is a crime for any person to possess a firearm after having been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18

U.S.C. § 922(g).  Cruz's offense herein qualifies.

Some states have provisions by which a defendant convicted of a felony can have his civil rights restored after completion of his sentence under certain circumstances.  Beecham v. United States, 511 U.S. 368, 373 (1994) (discussing which jurisdictions have such procedures and which do not).  In cases where a defendant's civil rights have been restored, that underlying conviction does not count for purposes of § 922(g)(1), unless the restoration of the civil rights expressly restricts the defendant's firearm rights.  See United States v. Osborne, 262 F.3d 486, 487 (5th Cir. 2001); U.S.C. § 921(a)(20) (defining the term "crime punishable by imprisonment for a term exceeding one year").

Similarly, there exists an administrative procedure by which a convicted *federal* felon may seek relief from the firearm restrictions imposed by § 922(g).  Specifically, the Attorney General has authority to reinstate a federal felon's firearm privileges if it is established that the applicant will not be likely to act in a "manner dangerous to public safety" and that granting the relief would not be "contrary to public interest."  18 U.S.C. § 925(c). The Attorney General has delegated that authority to the Bureau of Alcohol, Tobacco, and Firearms ("ATF").  27 C.F.R. §§ 478.11 (2008) (defining "Director"); 27 C.F.R. § 478.144(b) (2008) (applications for relief from § 922(g) restrictions may be filed with the Director of ATF).  However, the ATF currently cannot act on § 925(c) petitions because Congress has prohibited the use of appropriated funds for investigating and acting on such petitions since 1992.  United States v. Bean, 537 U.S. 71, 74-75(2002); see also Logan v. United States, ___ U.S. ___, 128 S. Ct. 475, 480 n. 1 (2007) (Congress has repeatedly barred the Attorney General from using appropriated funds to investigate petitions for relief under Section 925(c), and the bar  "was renewed every year from 1992 through 2006").

Cruz does not state, nor has he provided any evidence to show, that he has filed a petition with the Attorney General or the ATF requesting restoration of his right to possess a firearm.  Assuming

that he has not done so, this Court does not have jurisdiction to consider his request for relief. See Drake v. United States, 249 Fed. Appx. 332, 333 (5th Cir. Sep. 28, 2007) (unpublished). Moreover, even if he had filed such a petition and the ATF had failed to take action on it, judicial review would not be available. Bean, 537 U.S. at 76 ("mere inaction by ATF [on a petition pursuant to § 925(c)] does not invest a district court with independent jurisdiction to act on an application"). "Indeed, the very use in § 925(c) of the word 'review' to describe a district court's responsibility in this statutory scheme signifies that a district court cannot grant relief on its own, absent an antecedent actual denial by ATF." Bean, 537 U.S. at 77-78.

The Court is not aware of any other legal authority, and Cruz cites to none, that gives it the authority to restore his right to possess a firearm. Accordingly, this Court cannot grant Cruz the relief he seeks. His motion to restore his right to bear arms is therefore DENIED.

## CONCLUSION

For the foregoing reasons, Cruz's letter motion (D.E. 32) is DENIED.

It is so ORDERED this 4th day of April 2008.

Janis Graham Jack
United States District Judge